Mariano DE AVILA–BARBOSA, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 05–73285.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 24, 2010.

Jessica E. Smith, Fresno, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., DOJ–U.S. Department of

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Mariano De Avila–Barbosa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims, *Khan v. Holder,* 584 F.3d 773, 776 (9th Cir.2009), and we deny the petition for review.

De Avila–Barbosa does not challenge the agency's determination that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) based on his 1995 conviction for lewd or lascivious acts with a child under 14 years of age in violation of California Penal Code § 288(a).

The BIA determined that De Avila–Barbosa is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repealed 1996), because his ground of removability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. § 1212.3(f)(5). De Avila–Barbosa's legal and retroactivity challenges to this determination are unavailing. *See Abebe v. Mukasey,* 554 F.3d 1203, 1207, 1208 n. 7 (9th Cir.2009) (en banc); *see also Aragon–Ayon v. INS,* 206 F.3d 847, 853 (9th Cir.2000) ("We are satisfied that Congress intended the 1996 amendments to make the aggra-

vated felony definition apply retroactively to all defined offenses whenever committed.").

Because the determination of ineligibility is dispositive, we do not reach De Avila–Barbosa's remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).